```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


DOMINIC JOSEPH, M.D.,           §
                                §
        Plaintiff,              §
                                §
v.                              §    CIVIL ACTION NO. H-03-5402
                                §
UNIVERSITY OF TEXAS MEDICAL     §
BRANCH AT GALVESTON and         §
WILLIAM READING, M.D.,          §
                                §
        Defendants.             §
```

MEMORANDUM AND ORDER

The background for this suit and identities of the parties may be found in the Court's Memorandum and Order entered December 30, 2005. Now pending are Defendants' Motion for Leave to File Second Amended Answer (Document No. 70) and Motion for Leave to File Motion for Partial Dismissal Out of Time (Document No. 68). After carefully considering the motions, responses, reply, surreply, and the applicable law, the Court concludes as follows:

I. Discussion

A. Motion for Leave to File Second Amended Answer

Defendants first move for leave to file a Second Amended Answer. Whether to grant a party leave to amend pleadings after the time designated in the scheduling order is guided by Rule 16(b), which provides that a scheduling order shall not be modified

except upon a showing of good cause and by leave of the district court. *See* S&W Enters., LLC v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In determining good cause, courts consider four factors: (1) the explanation for the failure timely to move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing S & W Enters., 315 F. 3d at 535).

In their Original Answer, filed February 2, 2004, Defendants asserted ten affirmative defenses to Plaintiff's claims. *See* Document No. 5. When Defendants later amended their answer to address issues identified by Plaintiff during discovery, however, Defendants inadvertently omitted the affirmative defenses section from the First Amended Answer. *See* Document No. 21.[1] Defendants

---

[1] Plaintiff argues that there is evidence that Defendants did not inadvertently omit the affirmative defenses from the First Amended Answer, but rather affirmatively abandoned them. According to Plaintiff, because the Original Answer included a failure to exhaust affirmative defense, Plaintiff posed an interrogatory to Defendants asking for the factual basis for that defense. *See* Document No. 75 ex. 1. In response, Defendants stated "Plaintiff

discovered this omission when they began preparing for trial in December 2005. Defendants now seek leave to file a Second Amended Answer to reinstate the ten affirmative defenses asserted in their Original Answer. *See* Document No. 70. Plaintiff argues that Defendants have not shown good cause for amendment at this very late stage in the lawsuit.

Defendants argue that their failure to move for leave to amend sooner was at worst excusable neglect. Defendants further contend that Plaintiff will not be prejudiced by the amendment because (1) the purpose of the amendment is not to add a new claim or legal theory, but rather to correct an inadvertent pleading mistake, (2) Plaintiff had notice of the affirmative defenses from the inception of the lawsuit, when the defenses were first pleaded, and (3) Plaintiff had full and adequate opportunity to conduct discovery relevant to the affirmative defenses and in fact propounded discovery to Defendants on the bases for those defenses.

---

[sic] is currently investigating this affirmative defense and will supplement as necessary. Id.  Upon receiving this response, Plaintiff wrote Defendants, stating, "If you have no facts to support the assertion of this affirmative defense, it should be withdrawn. Rule 11(b)." Id. ex. 2. Because the First Amended Answer did not include this defense, Plaintiff argues, Defendants intentionally withdrew it.  If the First Amended Answer omitted only the failure to exhaust defense, the Court might be inclined to agree, but that is not what happened.  Instead, the First Amended Answer omitted the entire section entitled "Affirmative Defenses," and the Court is persuaded to accept Defendants' representation that the omission was inadvertent.

Plaintiff responds that (1) Defendants' explanation for the failure to amend their pleadings in accordance with the scheduling order--inadvertence--"is tantamount to no explanation at all," S & W Enters., 315 F.3d at 536; (2) Plaintiff would be prejudiced by the amendment because had he not believed that the defenses were abandoned, he would have conducted more discovery about them; (3) permitting Defendants to reassert at least three of the affirmative defenses would be futile because they have been waived either by virtue of not being raised in the Joint Pretrial Order (the mixed-motive and prompt remedial action defenses) or by virtue of Defendants' admissions (the failure to exhaust defense); and (4) a continuance to conduct additional discovery would not be in the interests of justice because it would unnecessarily delay a trial, and Plaintiff would not be able to receive unrehearsed answers to the discovery requests at this stage.

At this late stage of the litigation, good cause ordinarily could not be shown for the filing of an amendment to add new defenses or new legal theories. The cases cited by Plaintiff generally support this proposition. This case, however, is quite different from the cases cited by Plaintiff. Defendants in this case are not proposing shortly before trial to amend to add new defenses or new legal theories but rather are moving simply to reinstate the defenses that they pled from the beginning and which, when Defendants filed an amended answer, they inadvertently

omitted. Even after the inadvertent omission, however, the parties continued to litigate certain of the affirmative defenses on summary judgment without objection from Plaintiff that the defenses had been omitted from Defendants' Amended Answer.[2] When Defendants discovered the inadvertent omission of their affirmative defenses from their Amended Answer, they promptly filed this motion to restore the originally pleaded defenses that have been a subject of the litigation throughout the pendency of the case, and without adding any new defenses or new legal theories. Under these exceptional circumstances, the Court finds that the interests of justice would not be served by prohibiting an amendment that simply corrects Defendants' oversight and that good cause has been shown to allow the amendment. Although the Court is of the opinion that Plaintiff under these unique circumstances is not unfairly prejudiced by the amendment, the Court will nonetheless reset the case for a later docket call, and if Plaintiff requires additional time to prepare for trial in light of the amendment, the Court will also grant leave for Plaintiff to file such a motion.

---

[2] Defendants' motion for summary judgment invoked several affirmative defenses at issue here, including Defendants' statute of limitations, qualified immunity, and non-discriminatory/non-retaliatory reasons for Plaintiff's discharge defenses. In response, Plaintiff argued the merits of these defenses without asserting that they were not pled in Defendants' First Amended Answer or that they had been "abandoned." See, e.g., Document No. 49 at 8-10.

B.   <u>Motion for Leave to File Motion for Partial Dismissal</u>

Defendants also seek leave to file a motion to dismiss Plaintiff's retaliation claim on the ground that Plaintiff failed to exhaust it. Defendants point out that Plaintiff neither checked the box for "retaliation" on his EEOC charge nor indicated in the narrative portion of his EEOC charge that he sought redress for retaliation based on internal complaints of race/national origin discrimination. *See* Document No. 68 ex. 1. Thus, Defendants argue, Plaintiff did not administratively exhaust the claim. *See*, *e.g.*, <u>Robinson v. Rubin</u>, 77 F. Supp. 2d 784, 792 (S.D. Tex. 1999) (Rosenthal, J.) (holding that the plaintiff failed administratively to exhaust her race and sex discrimination claims where she checked only the box for "retaliation reprisal" and her narrative did not mention race or sex discrimination) (citing, *inter alia*, <u>Randel v. U.S. Dep't of Navy</u>, 157 F.3d 392, 395 (5th Cir. 1998) ("Randel's racial discrimination claim is separate and distinct from his reprisal claim, and accordingly, he must exhaust his administrative remedies on that claim before seeking review in federal court.")).[3]

---

[3] *See also* <u>Luna v. Lockheed Martin Corp.</u>, 54 Fed. Appx. 404 (5th Cir. 2002) (unpublished) ("[T]he district court properly concluded that Luna's claim based on national origin discrimination fails as a matter of law. . . . Court action cannot encompass facts or issues that do not relate to the subject matter of the EEOC charge. Here, in his EEOC charge, Luna failed to mark the box indicating his intention to bring a claim of national origin discrimination. Rather, Luna only checked the box indicating his intention to bring a claim of retaliation. Because Luna did not raise national origin discrimination claim in his EEOC charge, Luna

According to Defendants, the exhaustion requirement is jurisdictional in nature.[4] Defendants therefore argue that the

---

failed to exhaust his administrative remedies as to that claim.") (citations omitted); Miller v. S.W. Bell Telephone Co., 51 Fed. Appx. 928 (5th Cir. 2002) (unpublished) ("The jurisdictional problem here relates to the fact that in the charge Miller filed with the EEOC, he did not check the box corresponding with 'retaliation,' but did so for 'age' and 'disability.' . . . This Court concludes that because Miller did not check the correct box on the EEOC complaint form or otherwise disclose his retaliation claim and thereby exhaust its administrative remedies, he is procedurally precluded from asserting a retaliation claim.").

[4] The Fifth Circuit cases are not entirely harmonious on this point. *Compare* Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995) ("The filing of an administrative complaint is ordinarily a jurisdictional prerequisite to a Title VII action. Because of this requirement, we must examine Dollis' complaint in light of the charges filed in her administrative complaint in order to determine whether she satisfied this jurisdictional prerequisite."), Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir. 1990) ("There are two requirements for filing a Title VII action in federal court: . . . 2) the complainant must first have exhausted her administrative remedies. Failure to comply with either of these requirements wholly deprives the court of jurisdiction over the case; it is the well-settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction."), Clayton v. Rumsfeld, 106 Fed. Appx. 268, 271 (5th Cir. 2004) (unpublished) ("Courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."), *and* Preston v. Good Nature Café, 33 Fed. Appx. 704 (5th Cir. 2002) (unpublished) ("Title VII requires that parties exhaust administrative remedies before instituting a suit in federal court. This requirement is jurisdictional and cannot be waived."), *with* Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'") (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996)). *See also* Blanchet v. Chevron/Texaco Corp., 368 F. Supp. 2d 589, 601 (E.D. Tex. 2004) (Crone, J.) ("It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted her administrative remedies by filing a charge of discrimination with the EEOC. While not uniformly viewed as a jurisdictional prerequisite, the filing on an EEOC charge 'is a condition

Court should grant leave to file the late dismissal motion to avoid wasting the Court's judicial resources trying a claim over which the Court lacks subject matter jurisdiction.

The Supreme Court's very recent decision in the analogous case of <u>Arbaugh v. Y & H Corp.</u>, 126 S. Ct. 1235 (2006), may cast doubt on whether the exhaustion requirement is jurisdictional. In <u>Arbaugh</u> the Court held that the employee-numerosity requirement for establishing "employer" status under Title VII was an element of the employee's claim rather than a jurisdictional requirement that could be raised at any stage of the litigation. After considering <u>Arbaugh</u>, one district court that previously had treated motions to dismiss for failure to exhaust administrative remedies as jurisdictional motions, has now found that challenges based on a failure to exhaust should also be considered in the context of an element of the employee's claim, that is, whether "Plaintiff's claims are foreclosed because Plaintiff did not include them in either administrative charge and therefore has not exhausted her administrative remedies." <u>Brown v. McKesson Bioservices Corp.</u>, 2006 WL 616021, at *9 (D. Md. Mar. 10, 2006).

Plaintiff argues in response to Defendants' Motion for Leave, *inter alia*, that Defendants have judicially admitted that Plaintiff exhausted his retaliation claim. Plaintiff points to their First

---

precedent to filing in district court.'") (citing <u>Taylor</u>, 296 F.3d at 379).

Amended Answer in which Defendants "admit that Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on July 18, 2002." *See* Document No. 38 ¶ 91.[5]  Additionally, Plaintiff argues that Defendants "more specifically admitted in the Joint Pretrial Order that the plaintiff timely filed an EEOC charge with regard to both his Title VII claims." *See* Document No. 76 at 7.  In light of these admissions, Plaintiff argues, Defendants cannot prevail on their exhaustion defense.

Defendants respond that they have admitted only that Plaintiff timely filed a charge of discrimination, not that the charge was sufficient to exhaust Plaintiff's administrative remedies on the retaliation claim.  Unlike Defendants' First Amended Answer, however, in which Defendants admitted only that Plaintiff timely filed an EEOC charge, the proposed Joint Pretrial Order contains an agreed "admission of fact" worded as follows:  "With respect to the Title VII *claims* at issue in this lawsuit, Plaintiff timely filed a charge with the EEOC on July 18, 2002." *See* Document No. 71 at 5 ¶ 4 (emphasis added).[6]  At that time, Plaintiff argues, the Title

---

[5] At a previous docket call, Defendants argued that this admission is not an admission that Plaintiff exhausted his retaliation claim, only that he timely filed an EEOC charge.

[6] Although Defendants did not sign the proposed Joint Pretrial Order, which evidently was electronically filed by Plaintiff, Plaintiff has presented uncontroverted evidence that Defendants authorized Plaintiff to sign the document on their behalf. *See* Document No. 76 ex. 3.

VII "claims" at issue in the lawsuit included both Plaintiff's discrimination claim and his retaliation claim and thus, Plaintiff contends, Defendants have made a binding admission. On the other hand, the parties in their Joint Pretrial Order have also recited that there is a *contested* issue of law worded as follows: "Whether Plaintiff exhausted all of his administrative remedies and statutory prerequisites to suit with respect to his Title VII retaliation claim prior to filing this lawsuit." *See* Doc. No. 71 at 10 ¶ 3. Obviously, no such contested question of law would remain if in fact the parties had mutually agreed, as Plaintiff contends, that Plaintiff did timely file a charge on his retaliation claim and thereby exhaust his administrative remedies with respect to the retaliation claim. The inherent conflict in these statements creates an ambiguity that warrants further submissions by the parties.

Regardless of whether the exhaustion of administrative remedies is jurisdictional and may be raised even after entry of judgment or whether it is merely an element of Plaintiff's claim that must be proved at trial, the issue is a live one in this case directly raised by Defendants' Second Amended Answer. Since it appears to be an issue of law on what may be uncontroverted facts, it would seem to be most efficient to decide that question before trial rather than at the close of Plaintiff's evidence or after all the evidence is closed in what the parties have estimated to be a

five-days trial. *See* <u>Eischeid v. Dover Constr.</u>, 217 F.R.D. 448, 454-56 (N.D. Iowa 2003) (finding that "good cause" within the meaning of R. 16(b) existed for extending the dispositive motion deadline where belated summary judgment motion raised legal issues that the court "must inevitably address, either prior to or in the course of trial" and where the proffered dispositive motion "might present the most efficient method for addressing the legal issues presented").

Accordingly, for the reasons set forth and in the interest of justice, it is hereby

ORDERED that Defendants' Motion for Leave to File Second Amended Answer (Document No. 70) is GRANTED, and Defendants' Second Amended Answer is deemed filed. It is further

ORDERED that Defendants' Motion for Leave to File Motion for Partial Dismissal Out of Time (Document No. 68) is GRANTED, and Defendants' Motion for Partial Dismissal is deemed filed. The Court allows Defendants ten (10) days after the entry of this Order to file further submission(s), not to exceed 10 pages in length, bearing on Defendants' Motion for Partial Dismissal. Plaintiff may file a response, not to exceed 10 pages in length, within ten (10) days after being served with Defendants' submission(s). Any reply from Defendants, which shall not exceed 5 pages in length, shall be filed within seven (7) days after Defendants are served with Plaintiff's response.

**Docket call** in this case is continued and re-set for **June 2, 2006, at 4:00 p.m.**

It is SO ORDERED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 27th day of March, 2006.

                                        EWING WERLEIN, JR.
                                  UNITED STATES DISTRICT JUDGE